# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE  DIVISION

| | |
|---|---|
| CARRANZA et al<br><br>          Plaintiffs,<br><br>   v.<br><br>WYETH LLC et al<br><br>          Defendants. | Case No. 5:04-CV-04161-EJD<br><br>**ORDER** GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT |

    Leave is granted for Plaintiffs to file a Second Amended Complaint attached to this Order.  On or before **July 1, 2011** the Plaintiffs shall file their Second Amended Complaint as separate docket entry.

Dated:  June 28, 2011

                          _Honorable Edward J. Davila_
                          Honorable Edward J. Davila
                          United States District Court
                          Northern District of California

Order re 2nd Amended Complaint

Philip C. Bourdette, #47492
Miriam Bourdette, #151980
BOURDETTE & PARTNERS
2924 West Main St.
Visalia, CA 93291
pcbb@bourdettelaw.com
mrbb@bourdettelaw.com
559-625-8425
FAX 559-625-8491

Simona Farrise #171708
Jennifer Johnson #160967
Farrise Firm PC
225 South Olive St., Ste. 102
Los Angeles, CA 90012
sfarrise@farriselaw.com
jjohnson@farriselaw.com
310-424-3355
FAX 510-588-4536

Sharon J. Arkin #154858
The Arkin Law Firm
333 South Grand Ave., Ste. 2450
Los Angeles, CA 90071
sarkin@arkinlaw.com
541-469-2892
FAX 866-571-5676

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ESTHER CARRANZA, EMILIO CARRANZA<br><br>Plaintiffs,<br><br>vs.<br><br>WYETH LLC., {An indirect wholly-owned subsidiary of Pfizer Inc.} PHARMACIA & UPJOHN COMPANY LLC {An indirect wholly-owned subsidiary of Pfizer Inc.}<br><br>Defendants. | Case No. 5:04-CV-04161- EJD<br><br>SECOND AMENDED COMPLAINT<br><br>1.  Negligence<br>2.  Strict Liability<br>3.  Breach of Implied Warranty<br>4.  Breach of Express Warranty<br>5.  Fraud<br>6.  Violation of California Business<br>    & Professions Code §§ 17200 et seq.<br>7.  Loss of Consortium<br><br>**JURY TRIAL DEMANDED** |

1

**COME NOW** the plaintiffs and amend their complaint to name the defendants correctly, delete the unnecessary parties and re-allege as follows:

1.      ESTHER CARRANZA re-asserts claims for personal injury, breast cancer, caused by her ingestion of combination hormone replacement medications, consisting of estrogen and progestin ,including but not limited, to Prempro, Premphase, Provera and Premarin (hereinafter collectively referred to as HRT.) EMILIO CARRANZA is a derivative plaintiff who re-asserts his claim for loss and/or diminution of consortium.

2.      ESTHER CARRANZA and EMILIO CARRANZA resided, purchased her HRT and were injured in Monterey County which is within the Northern District of California, San Jose Division.   Plaintiffs filed jointly with four other plaintiffs in Carranza et al v. Wyeth & Pfizer, who subsequently were severed or "dropped" and have re-filed separately by ruling of Multi District Litigation, Judge Billy Roy (William R.) Wilson in Little Rock, Arkansas.  All cases are related and are transferred back to this court. Judge Wilson also ordered that plaintiffs named herein "cure" their complaint; thus the filing of this Amended Complaint.

3.      Defendants were in the business of manufacturing, labeling, distributing, marketing, advertising, promoting HRT and Plaintiffs are informed and believe they conducted substantial business in California.  Both Defendants sell their products in Monterey County.

        A.      Defendant Pharmacia & Upjohn Company LLC is a Delaware limited liability company whose sole member is Pharmacia & Upjohn LLC.  The sole member of Pharmacia & Upjohn LLC is Pharmacia Corporation, a Delaware corporation with its principal place of business in New Jersey.  Therefore, Pharmacia & Upjohn Company LLC is deemed to be a citizen of both Delaware and New Jersey.   Pharmacia & Upjohn Company LLC manufactured brand name Provera (medroxyprogesterone acetate) and other hormones.  For the purposes of this complaint, all of the Pharmacia & Upjohn LLC companies, corporations, subsidiaries and divisions will be referred to collectively as "P&U

2

LLC." P&U LLC includes any and all franchises, partners, joint venturers, organizational units of any kind, their predecessors, their successors and assigns and their present officers, directors, employees, agents, representatives and other persons acting on their behalf, including but not limited to Pfizer Inc.

      B.     Defendant Wyeth LLC, formerly known as Wyeth Inc. is a Delaware limited liability company whose sole member is Pfizer LLC.  Pfizer LLC's sole member is Pfizer Inc.  Thus Wyeth LLC is an indirect wholly-owned subsidiary of Pfizer Inc.  Pfizer Inc. is a Delaware Corporation with its principal place of business in New York and is deemed to be a citizen of Delaware and New York. For the purposes of this complaint, all of the Wyeth LLC companies, corporations, subsidiaries and divisions will be  referred to collectively as "Wyeth."  Wyeth includes any and all franchises,  partners, joint venturers, organizational units of any kind, their predecessors, their successors and assigns and their present officers, directors, employees,  agents, representatives and other persons acting on their behalf, including but not  limited to Wyeth-Ayerst Laboratories Company; Wyeth-Ayerst Laboratories Inc. Wyeth-Ayerst Pharmaceuticals Inc., Wyeth Pharmaceuticals Inc. and Ayerst Laboratories Inc. and Pfizer Inc.  At all relevant times prior to March 11, 2002, Wyeth conducted business, operated under the name and was known as American Home Products Inc.

## JURISDICTION, VENUE & LIMITATIONS

      4.     Jurisdiction and Venue are proper as Plaintiffs lived in, obtained her prescriptions for, purchased the products and were injured in Monterey County which is within the Northern District of California, San Jose Division and there is complete diversity.

      5.     Plaintiffs timely filed their action on June 30, 2004 in Monterey County Superior Court along with two other injured women plaintiffs and their spouses.  The case was removed to Federal Court on September 30, 2004; Case No: 5:04-CV-04161-

3

JW.  The case was then transferred to MDL 1507 (In Re Prempro Products Liability Litigation) Case No. 4:05-CV-00151 WRW on December 15, 2004.  It was pending there until transferred back to the United States District Court, Northern District of California, San Jose Division.

6.     The Statute of Limitations relates back to the filing of the original complaint.

7.     Jury trial is demanded on all causes of action properly brought before a jury.

I

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
## NEGLIGENCE

8.     Plaintiffs incorporate by reference as if fully set forth herein, all of the allegations contained in the preceding paragraphs.

9.     Plaintiff purchased and ingested HRT, pursuant to the advice of her physicians.

10.    HRT taken by the Plaintiff was formulated, manufactured, marketed, distributed, and sold by the Defendants.

11.    The Defendants were negligent with respect to the research, manufacturing, testing, warning, advertising, detailing, marketing, distributing, promoting and/or selling of HRT.

12.    As a result of the negligence of the Defendants, Plaintiff seeks recovery for personal injuries, pain, suffering, disfigurement, past and future medical expenses, lost wages, loss of consortium and other economic damages.

II

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
## STRICT LIABILITY

13.    Plaintiffs incorporate by reference as if fully set forth herein, all of the allegations contained in the preceding paragraphs.

14.    The Defendants sold HRT with the expectation that HRT would reach the Plaintiff without substantial change in the condition in which HRT was sold, and that

4

1  Plaintiff would and did consume HRT without substantial change in the condition in

2  which HRT was when sold by the Defendants.

3        15.    At the time of the sale or distribution of HRT, HRT was defective due to

4  inadequate instructions and warnings, and the omissions of such instructions and

5  warnings rendered HRT unreasonably dangerous and unsafe for its intended uses.

6  Defendants had a duty to warn of the heightened risks, dangers and side effects,

7  including breast cancer, as well as the lack of efficacy in deterring heart disease.

8  Defendants knew or reasonably should have known that the instructions and/or

9  warnings were inadequate.

10       16.    At the time of the sale or distribution of HRT, HRT was unreasonably

11  dangerous when taking into consideration that the gravity and likelihood of severe

12  injuries from the use of HRT far outweighed any utility of HRT to the Plaintiff and the

13  public as a whole, and that the Plaintiff had no anticipated awareness of the dangerous,

14  latent and hidden defects that were inherent in HRT or that the dangers caused by HRT

15  were avoidable.

16       17.    The injuries sustained by the Plaintiff were caused by the defective and

17  unreasonably dangerous condition of HRT.  Had Plaintiff known of the lack of efficacy

18  and the heightened risk factors, she would not have ingested HRT and would not have

19  suffered injury and resultant damages.

20                                     III
                      THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
21                             BREACH OF IMPLIED WARRANTY

22       18.    Plaintiffs incorporate by reference as if fully set forth herein, all of the

23  allegations contained in the preceding paragraphs.

24       19.    The Defendants impliedly warranted to the Plaintiff that HRT was safe and

25  fit for the purposes for which they were provided.

26       20.    At the time and place that Plaintiff took HRT, Plaintiff relied upon the

27  Defendants' implied warranties, not knowing what Defendant's knew, that in fact HRT

28  was unfit and unsafe for the purposes for which they were provided.

SECOND AMENDED COMPLAINT - Carranza

21.     The Defendants' breaches of their implied warranties caused the Plaintiff's Injuries and resultant damages.

## IV
## FOURTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

22.     Plaintiffs incorporate by reference as if fully set forth herein, all of the allegations contained in the preceding paragraphs.

23.     The Defendants expressly warranted that HRT was safe and fit for its intended uses and efficacious in preventing cardiovascular disease.

24.     The Plaintiff and her physicians relied upon the Defendants' express warranties that HRT was safe and fit for such uses, when in fact it was unsafe and unfit for such uses.

25.     The Plaintiff took HRT based upon the express warranties of the Defendants and in reliance upon her physicians, and as a result thereof, the Plaintiff suffered injuries and resultant damages caused by HRT.

## V
## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
## FRAUD

26.     Plaintiffs incorporate by reference as if fully set forth herein, all of the allegations contained in the preceding paragraphs.

27.     <u>Intentional or Negligent Misrepresentation</u>

A.      Defendants, Particularly Wyeth, made representations of material fact including that HRT would prevent heart disease, keep women "young" and did not create a higher risk of breast cancer and was good for one's overall health.

B.      Defendant Wyeth hired ghost writers to write articles signed by doctors and the articles were published in magazines and journals and also circulated to the medical community touting the efficacy and safety of HRT.

6

C.     These representations were in fact false.  The truth was that HRT increased the risk of heart disease and stroke as well as breast cancer.

D.     When Defendants first made these representations, Defendants had no reasonable grounds for believing the representations were true and later, knew they were false.

E.     Defendants made the representations with the intent to defraud and induce Plaintiff to purchase HRT.  At the time Plaintiff purchased HRT, Plaintiff did not know the representations were false and believed they were true.  Plaintiff acted in justifiable reliance upon the representations.

28.     Concealment

A.     Defendants, particularly Wyeth, concealed or suppressed material facts regarding the dangers posed by HRT and its lack of efficacy in preventing cardiovascular disease.

B.     Defendants had a duty to disclose the material facts to the medical community so that doctors could inform Plaintiff and other patients.  Defendants also told Doctors and Plaintiff other facts to mislead Plaintiff and prevent Plaintiff from discovering the concealed or suppressed facts.

C.     Defendants concealed or suppressed these facts with the intent to defraud and induce Plaintiff to purchase HRT.  At the time Plaintiff purchased HRT, Plaintiff was unaware of the concealed or suppressed facts and would not have ingested HRT had she known the facts.

As a result of the fraudulent conduct of Defendants described above, Plaintiff suffered injuries caused by HRT.

## VI
## SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS
## CODE §§ 17200 ET SEQ .

29.     Plaintiffs incorporate by reference as if fully set forth herein, all of the allegations contained in the preceding paragraphs.

7

SECOND AMENDED COMPLAINT - Carranza

30.     Defendants, particularly Wyeth, committed the following acts of unfair competition, as defined by Business and Professions Code section 17200, et seq.: by falsely advertising the efficacy and safety of HRT; by intentionally concealing dangerous conditions of their product and by creating the fiction of a need for women to take HRT as a lifetime regimen.   Defendants' actions, as described above, evidence lack of good faith, honesty in fact and observance of fair dealing, so as to constitute unconscionable commercial practices

31.     Defendants' acts engaged in fraudulent business practices to stimulate the promotion and use of their products and gain an unfair advantage over alternative treatment for menopause, if any is needed, or treatments for bone loss.  As a direct and proximate result of the defendants' conduct, defendants have received and continue to use monies that rightfully belong to Plaintiffs and others so situated.

32.     As a legal result of these violations of §§ 17200 et seq, Plaintiffs have suffered ascertainable loss – physical injury, economic losses that include the purchase price of the drug, the out-of-pocket cost of hospitalization, interim medical tests and services and other costs incidental to their ingestion of a harmful and defective product and loss of wages (sick time) - for which defendants, jointly and severally, are liable to plaintiffs in an amount treble their actual damages and for payment of attorneys' fees and costs.

33.     Plaintiffs request the court to order Defendants to disgorge all monies received from sales of HRT in California.   Plaintiffs also request that the Court enjoin Defendants from continuing to sell HRT in any strength, without further research and full disclosure as to efficacy and safety, including black box warnings as to serious adverse events.   Plaintiffs request the court enjoin Defendants from selling any drugs in California without full disclosure as to efficacy and safety, including black box warnings as to serious adverse events

34.     As a legal result of defendants' marketing of HRT and Plaintiff's consumption thereof, Plaintiffs and others similarly situated are entitled to and request

8

1  that the court order medical monitoring services funded by Defendants, including but not

2  limited to, testing, preventative screening, care and treatment of the resultant medical

3  conditions of breast cancer, cardiovascular disease, strokes, ovarian cancer, auto-

4  immune diseases, Alzheimer's and other latent adverse health problems associated

5  with the use of HRT or pay money damages to cover the expenses for this monitoring

6  and treatment.

## VII
## SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
## LOSS and/Or DIMINUTION OF CONSORTIUM

35.    Plaintiffs incorporate by reference as if fully set forth herein all of the

allegations contained in the preceding paragraphs.

36.    EMILIO CARRANZA claims that he has been harmed by the injury to his

lawful wife.  He suffered economic and non economic damages consisting of loss or

diminution of companionship and services, including love, comfort, care, assistance,

protection, affection, society, moral support and assistance in operating the household

and enjoyment of sexual relations.

## VIII
## EXEMPLARY DAMAGES

37.    Defendants, through their managing agents, committed the acts alleged

herein maliciously and oppressively with the wrongful intent or in conscious disregard of

the likelihood of injuring Plaintiff.  Defendants received information that long term use of

HRT increased the likelihood of breast cancer and other injuries, but despite this

information continued to intentionally falsely state that taking HRT long term was safe.

Defendants failed to issue warnings until the Women's Health Initiative discontinued its

study in 2002 because the incident rate of injury was so high.  Even after that time,

Defendants downplayed the adverse effects of HRT, misinformed doctors that the study

was invalid and continued to promote HRT.  Defendants did so in order to preserve the

9

SECOND AMENDED COMPLAINT - Carranza

1   lucrative and growing market they had carefully built with deception.  The failure to
2   inform doctors and their patients was cold, callous and intentional.  Defendants acted
3   with greed and other improper and evil motives amounting to malice, and in conscious
4   disregard of Plaintiff's rights.  Because the acts taken toward Plaintiff were carried out in
5   a despicable, deliberate, cold, callous, and intentional or grossly reckless manner with
6   malice in order to or without regard of the likelihood that Defendants' products would
7   injure and damage them and others, Plaintiff is entitled to recover exemplary damages
8   from Defendants in an amount according to proof.
9
10      **WHEREFORE**, Plaintiffs pray for judgment as follows:
11      1.      Economic damages according to proof;
12      2.      Non economic damages according to proof;
13      3.      Exemplary damages according to proof;
14      4.      Injunctive relief pursuant to Business & Professions Code §§ 17200 et
15   seq.;
16      5.      Disgorgement of profits pursuant to Business & Professions Code §§
17   17200 et seq.;
18      6.      Attorneys fees and costs pursuant to Business & Professions Code §§
19   17200 et seq. and as allowed by law;
20      7.      Costs of treatment, including reimbursement to Health Insurance providers
21      8.      Prejudgment interest and
22      9.      Such other relief deemed just and proper by this Court.
23   Dated:  June 14, 2011                                    BOURDETTE & PARTNERS
24
25                                                           By
26                                                           Philip C. Bourdette
27
28

10

SECOND AMENDED COMPLAINT - Carranza